IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2006

## DANNY L. FISH, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 05-01-0083      J. Weber McCraw, Judge**

_____

**No. W2006-00309-CCA-R3-PC  - Filed August 22, 2006**

_____

The petitioner, Danny L. Fish, Jr., appeals the Hardeman County Circuit Court's dismissal of his petition for post-conviction relief from his conviction for sexual battery by an authority figure, a Class C felony, and his resulting sentence of five years in the Department of Correction. The petitioner contends that he received ineffective assistance of counsel, rendering his no contest plea unknowing and involuntary. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Karen T. Fleet, Bolivar, Tennessee, for the appellant, Danny L. Fish, Jr.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case arises from charges that the petitioner raped his third cousin, a child over the age of thirteen. The petitioner waived indictment and appeared before the Hardeman County Circuit Court by criminal information. The record on appeal is unclear and reflects that the petitioner entered either a "best interest" guilty plea, see North Carolina v. Alford, 400 U.S. 25, 37-38, 91 S. Ct. 160, 167-68 (1970), or a no contest plea, see Tenn. R. Crim. P. 11(a), to the charge of sexual battery by an authority figure, T.C.A. § 39-13-527, a Class C felony. The petitioner was sentenced to serve five years at thirty percent.

On November 21, 2005, the petitioner filed a pro se petition for post-conviction relief, alleging that his plea was not entered into voluntarily, knowingly, and understandingly and that it

was the result of the ineffective assistance of counsel. The trial court appointed counsel to represent the petitioner and held a hearing on the petitioner's request for post-conviction relief. The trial court denied post-conviction relief.

First, we note that the record on appeal does not include a transcript of the petitioner's plea hearing or sentencing hearing or court records predating the petition for post-conviction relief. Evidence offered at the post-conviction hearing established that the petitioner was represented by three different attorneys from the public defender's office before his sentencing. The petitioner did not recall who represented him at the preliminary hearing, but the evidence indicated that he was represented by two public defenders. At some point on the day of the preliminary hearing, one of the attorneys informed the petitioner that the state had offered him a plea agreement whereby he would enter either a "best interest plea" or no contest plea to the lesser charge of sexual battery by an authority figure, with a maximum sentence of five years at thirty percent. The petitioner testified that he informed the attorney that he did not want to take the plea offer and would rather proceed to trial. The petitioner testified that no further discussions regarding the plea offer occurred and that an attorney then informed him that a different public defender would be representing him in further proceedings. The petitioner also testified that after the preliminary hearing, he discussed the plea offer with other jail inmates and Hardeman County Sheriff's Deputy Billy Davis.

The petitioner, who had been held in jail since his arrest on April 26, 2005, did not have any further contact with his counsel until he appeared in court on June 1, 2005. The petitioner stated that he and his wife made unreturned telephone calls to his new attorney before June 1. In court, the new attorney discussed the plea agreement with the petitioner. The petitioner testified that he expressed doubts to the attorney about entering the plea and that he maintained his innocence throughout his meeting with the attorney. He testified that there were several weaknesses in the state's case, including that the victim's testimony at the preliminary hearing was not consistent with previous statements, that the vehicle in which the criminal conduct allegedly occurred was not functioning at the time, and that the victim had sexually transmitted diseases whereas the petitioner did not. The petitioner also stated that he was intoxicated on drugs and alcohol at the time that he told the police that he had consensual sex with the victim. The petitioner said that he tried to explain these facts to his attorney but that the attorney took no notes and only encouraged him to accept the plea offer.

The petitioner testified that he understood that "by signing the plea that I would be getting probation or house arrest." At one point on cross examination, the petitioner stated that he was told that if convicted of rape he would serve between two and twenty years. Later, however, he admitted that he understood the difference between eight years at one hundred percent, which was the minimum sentence for a rape conviction, and five years at thirty percent, which was the maximum sentence he would receive under the plea agreement. He also stated that his attorney told him that it was ultimately up to the trial judge to determine his sentence. He also testified that the attorney told him "to just go ahead and answer all the [judge's] questions yes and no like everyone else had done and that was it." The petitioner stated that his attorney did not make any requests for probation or house arrest at the plea hearing or at the later sentencing hearing, where he was sentenced to serve five years at thirty percent. He also testified that no psychological evaluation was performed on him.

The attorney representing the petitioner at the plea hearing testified at the post-conviction hearing. He testified that he had no contact with the petitioner until after it was agreed that the criminal information would be filed. He also testified that because a criminal information had been filed, he understood that a plea agreement had been arranged and that his job "was basically just processing the paperwork and talking to [the petitioner] and explaining what we were going to be doing today." He said that despite the petitioner's reservations about entering a plea, the petitioner appeared to understand the benefits of pleading no contest. He testified that he listened to some of the petitioner's concerns about the weaknesses in the state's case and advised him that it would still be possible for the state to get a conviction for rape. The attorney indicated, however, that he believed that because the petitioner had a virtually clean criminal record and the state's case was relatively weak, the petitioner's case warranted "relief." He also stated that he informed the petitioner that the ultimate decision as to the petitioner's sentence would be made by the court. He further testified that the trial judge was known to be "more cautious than most" judges when it came to determining the voluntariness of a plea and that the petitioner appeared to understand and appropriately responded to the judge's questions.

The attorney testified that he did not remember being at the sentencing hearing but that he did remember viewing the petitioner's presentence report. He also testified that the petitioner never received a psychosexual evaluation to be included in the presentence report. According to the attorney, the psychosexual evaluation was waived at sentencing.

In denying the petition for post-conviction relief, the trial court found that the petitioner entered a plea knowingly and voluntarily and that the petitioner actually understood the significance and consequences of the plea. The trial court further held that the petitioner failed to establish that the services rendered by trial counsel were deficient or that any deficient performance prejudiced the petitioner.

On appeal, the petitioner contends that due to the ineffective assistance of counsel, his plea was involuntary and entered without his understanding of the nature and consequences of the plea. He also argues that the trial attorney's failure to request a psychosexual evaluation for use at sentencing amounted to the ineffective assistance of counsel. The state responds that the petitioner has waived all issues related to the plea and sentencing because he has failed to provide a transcript of the plea hearing or sentencing hearing in the record. The state further contends that the trial court's decision should be affirmed because the petitioner voluntarily entered his plea with the effective assistance of counsel, and the petitioner was unable to prove otherwise by clear and convincing evidence.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with

-3-

no presumption of correctness. Id. at 457. Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103.

The appealing party has the obligation of preparing a record that includes transcripts of evidence and proceedings "necessary to provide a fair, accurate, and complete account of what transpired" with respect to the issues on appeal. Tenn. R. App. P. 24(b). Failure to provide an adequate record with respect to an issue on appeal will result in a presumption that the trial court's rulings were supported by sufficient evidence. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). The petitioner has not provided a transcript of the plea hearing or sentencing hearing in the record, although the record indicates that the trial court had the plea hearing transcript. Thus, our review is quite restricted.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to a general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. When a petitioner claims that the ineffective assistance of counsel resulted in a plea, the petitioner must prove that counsel performed deficiently and that but for counsel's errors, the petitioner would not have entered the plea and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). Failure to satisfy either the deficiency or prejudice prong results in the denial of relief. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

The petitioner cites several aspects of his trial counsel's performance that he claims were deficient. The petitioner asserts that his trial attorney failed to interview him, failed to return telephone calls from him and his wife, and disregarded information related to the weakness of the state's case. The petitioner also argues that the attorney's failure to insist on a psychosexual evaluation amounts to deficient representation. He argues that his attorney essentially coerced him into accepting the state's plea offer.

The petitioner argues that the allegedly deficient representation combined with his eighth grade education and limited criminal experience amounted to an involuntary guilty plea under the totality of the circumstances. The post-conviction testimony of both the petitioner and the attorney indicates, however, that the petitioner understood the plea that he entered. The petitioner testified that he understood the difference between a five year sentence at thirty percent, which was the maximum sentence he would get under the plea agreement, and an eight year sentence at one hundred percent, which was the minimum sentence he would get for a rape conviction. The trial

-4-

court accredited the testimony of the attorney, who stated that he explained the difference between a guilty plea and a no contest plea to the petitioner and that he listened and responded to the petitioner's concerns. The attorney testified that while he discussed the possibility that the petitioner might receive probation or house arrest, he also informed the petitioner that "there's no guarantee of anything." Furthermore, as the trial court found:

> At the plea hearing, the defendant testified under oath. He testified that he went over the plea form, the waiver of a trial and waiver of appeal forms with his attorney and signed them. He testified he understood what he was doing. . . .
>
> The defendant was asked if he was satisfied with the representation of the Public Defender and he stated he was. The defendant testified that no one had forced him to enter this plea, and that he did not have any questions about the proceeding. He understood that the Court would indicate a finding of guilty based upon his best interest plea.

The evidence does not preponderate against the trial court's findings that the petitioner entered a plea knowingly and voluntarily and that the petitioner understood the nature and consequences of the plea. Moreover, the petitioner has failed to establish that but for his attorney's allegedly deficient performance he would not have entered the plea. The facts indicate that the petitioner entered the plea hoping to receive a light sentence and that his attorney, while expressing a belief that the petitioner might receive probation or house arrest, did not guarantee that the petitioner would receive a particular sentence. The petitioner has failed to establish that he was prejudiced by his attorney's allegedly deficient performance.

The petitioner also contends that his trial attorney's failure to insist on a psychosexual evaluation amounted to the ineffective assistance of counsel because a psychosexual evaluation could have led to a lesser sentence. However, the petitioner did not offer any evidence of what an evaluation would have shown or that it would have likely resulted in a different sentence. The petitioner has, therefore, failed to establish a factual basis for this claim by clear and convincing evidence.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE